**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| GREG GAMACHE, ) | 3:11-cv-0184-LRH (RAM) |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| FEDERAL BUREAU OF INVESTIGATION, FEDERAL COMMUNICATIONS COMMISSION, ) | |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

On March 11, 2011, the court received Plaintiff's Complaint and Application to Proceed *In Forma Pauperis* (Doc. #1). On March 14, 2011, the court ordered Plaintiff to provide additional information concerning the Application to Proceed *In Forma Pauperis* (Doc. #3). On March 22, 2011, Plaintiff filed his Affidavit requested by the court (Doc. #4).

From the information in the Application to Proceed *In Forma Pauperis*, it appears that Plaintiff qualifies for *in forma pauperis* status. That application will be granted, and the Complaint will be filed.

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court must dismiss a case in which *in forma pauperis* status is granted, "if the allegation of poverty is untrue," or the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). All or part of a complaint may therefore be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g. claims against defendants who are immune from suits or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g. fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

The court finds Plaintiff's Complaint to be based on fanciful factual allegations, and to be patently frivolous. Although complaints of litigants appearing *pro se* are to be liberally construed, the court can conceive of no possible theory under which the Plaintiff's claims would have any validity whatsoever.

The court should dismiss this action. In view of the obviously frivolous nature of the case, it would be appropriate to dismiss the case without leave to amend.

/ / /

/ / /

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** Plaintiff's Complaint.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Court enter an order dismissing this action with prejudice and entering judgment accordingly.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED:   March 24, 2011.

_____
UNITED STATES MAGISTRATE JUDGE